



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 26, 2024**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ESCEE DELIVERY LLC | § | |
| DEBTOR | § | BANKRUPTCY CASE NO. 23-43451 |

**ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION**
**(Docket No. 58)**

Came on for consideration the Debtor's Plan of Reorganization filed February 5, 2024 pursuant to 11 U.S.C. § 1129(a). After hearing evidence, the Court finds as follows:

1. The Subchapter V Plan of Reorganization (Docket No. 58)("Plan"), and a ballot for accepting or rejecting the Plan, have been transmitted to all creditors and parties in interest.

2. Notice of the hearing on confirmation of the Plan has been given in accordance with Title 11, United States Code, the Order of the Court and the Federal and Local Rules of Bankruptcy Procedure.

3. The Plan complies with all applicable provisions of the Bankruptcy Code and applicable Bankruptcy Rules relating to confirmation.

1

4. All voting classes of creditors accept the Plan. The Plan meets the requirements of 11 U.S.C. § 1191(a) and (c).

5. One objection to confirmation of the Plan was filed by Gelco Fleet Trust and Element Fleet Corporation (Doc. 66). This objection has been resolved by the inclusion of the language below. It is

ORDERED and ADJUDGED that:

1. The Subchapter V Plan of Reorganization, which was filed on February 5, 2024 (Docket No. 58) is hereby CONFIRMED under 11 U.S.C. §§ 1129(a) and 1191(a).

2. In accordance with Section 1142 of the United States Bankruptcy Code, the Debtor is authorized and directed, without the necessity of any further approval, to immediately take any action necessary or appropriate to implement, effectuate, and consummate the Plan and any transactions contemplated thereby or by this Order in accordance with their respective terms.

3. In accordance with 11 U.S.C. § 1194(b), the Debtor shall be the disbursing agent as to all creditor payments pursuant to the terms of the Chapter 11 Plan.

4. Within 3 days after the Effective Date of the Plan, counsel for the Debtor shall serve notice of (i) entry of this Confirmation Order; (ii) the occurrence of the Effective Date; and (iii) any bar dates and any other deadlines set by the Plan ("Notice"), pursuant to Bankruptcy Rule 3020(c). The Notice shall be sent to all creditors and parties-in-interest by first class mail, postage prepaid. Counsel for the Debtor shall thereafter promptly file a copy of such Notice with proof of mailing with the Court.

5. Debtor will not be required to file any additional operating reports upon confirmation of this Plan.

6. All fees due and payable pursuant to section 1930 of Title 28 of the United States Code prior to the Effective Date shall be paid by the Debtor on the Effective Date. After the Effective Date, the Debtor and the Reorganized Debtor shall be jointly and severally liable to pay any and all such fees when due and payable.

7. On the Effective Date, the Debtor shall be discharged as provided in 11 U.S.C. § 1141.

8. This Court retains jurisdiction to interpret and enforce the Plan and this Order.

9. Debtor is a party (i) with Gelco Fleet Trust, a Delaware Business Trust ("Lessor") and Element Fleet Corporation, a Delaware corporation (together with its successors and assigns, "Element"), as servicer on behalf of Lessor, to the Master Lease Agreement dated May 3, 2019 (the "Vehicle Lease"), and (ii) with Element to the Master Services Agreements dated May 3, 2019 and May 1, 2021 (collectively, the "Services Agreements" and together with the Vehicle Lease, the "Element Contracts"). Pursuant to confirmation of the Plan Debtor assumes each of the Element Contracts under and pursuant to 11 U.S.C. §§ 365, 1123(a)(5) and 1123(b)(2). Debtor shall pay all amounts due under the Element Contracts, whether arising prior to or after the filing of the bankruptcy case, including, without limitation, any amounts that may be "cure claims" under 11 U.S.C. §§ 365, in the ordinary course of business as between Debtor and Element as required by the terms of the Element Contracts, as applicable, and notwithstanding any discharge of claims as otherwise may be provided for in the Plan, by paragraph 7 of this Order, by 11 U.S.C. § 1141, or otherwise. Notwithstanding anything to the contrary that may be contained in this Plan, confirmation of the Plan shall not discharge, impact or impair the obligations of any guarantor of Debtor's obligations, or of any other person or entity that is obligated with the Debtor, under the Element Contracts.

10. To the extent there are conflicting provisions between the Plan and this Order, this Order shall govern.

# # # END OF ORDER # # #